# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 39 | **DATE** | 2/25/08 |
| **CASE TITLE** |  | Ronald Granger (B-24617) v. Dr. P. Ghosh | |

**DOCKET ENTRY TEXT:**

Plaintiff Ronald Granger's motion for leave to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at Plaintiff's place of incarceration to deduct $15.40 from Plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The clerk is directed to issue summonses for service on Defendants Dr. P. Ghosh and Dr. McFadden at Stateville Correctional Center. The Stateville Health Care Unit and Graham Correctional Center Health Care Unit are not suable entities, and are dismissed as Defendants. The clerk is further directed to send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff Ronald Granger (B-24617), currently in custody at Stateville Correctional Center, has brought this civil rights action pursuant to 42 U.S.C. § 1983 naming as defendants Stateville Drs. Ghosh and McFadden, and Stateville and Graham Correctional Centers Health Care Units. Plaintiff states that doctors at the Graham prison placed Plaintiff on dialysis; that Stateville doctors took him off dialysis; that Plaintiff now has a damaged liver and a hole in his arm from dialysis treatment; that he is unable to obtain adequate medical treatment; and that, while he was in the hospital, he was unfairly disciplined, resulting in the loss of good time credit. Plaintiff seeks to be released to obtain adequate medical treatment.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $15.40. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. Plaintiff remains responsible for this payment obligation, and trust fund officers at Stateville shall notify authorities of any outstanding balance if plaintiff is transferred to another facility.

**(CONTINUED)**

isk

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the Court is required to conduct a preliminary review of the complaint. In this case, Plaintiff may not proceed with his claims against the Stateville Correctional Center and Graham Correctional Center Health Care Units, as neither a correctional facility, nor a division therein, are suable entities. *See Castillo v. Cook County Jail*, 990 F.2d 304, 307 (7th Cir. 1993). Accordingly, the health care units are dismissed as defendants to this suit. Plaintiff may proceed with his claims that he is unable to obtain adequate medical care from Stateville Dr. P. Ghosh and Dr. McFadden, and these defendants must respond to the complaint. The clerk shall issue summonses forthwith for these defendants and send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Stateville Dr. P. Ghosh and Dr. McFadden. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve these defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve these defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Stateville Correctional Center shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the defendants or to their attorney, if an attorney has entered an appearance on their behalf. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Case 1:08-cv-00039    Document 5    Filed 02/25/2008    Page 2 of 2