UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD D. GRANGER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08 C 39 |
| ) | Judge Robert M. Dow, Jr |
| PARTHA GHOSH, ) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT DR. PARTHA GHOSH'S MOTION TO DISMISS

Defendant, DR. PARTHA GHOSH, by his attorneys, CHARYSH & SCHROEDER, LTD., pursuant to Rule 12(b) of the Federal Rules of Civil Procedure moves for an order dismissing plaintiff's complaint, and in support thereof states:

1.Plaintiff filed his complaint on January 2, 2008, in the United States District Court for the Northern District of Illinois.

### FAILURE TO STATE A CAUSE ACTION

2.Plaintiff's complaint is so vague that even under the liberal notice rules of the Federal Rules of Civil Procedure it should not be allowed to proceed.

3.It appears that plaintiff is seeking to hold Dr. Ghosh liable for violating his constitutional rights by informing him of a "misdiagnosis" made by another doctor at another institution.

4.It appears, but it is far from clear, that the plaintiff is claiming that he was diagnosed with some type of problem which required dialysis while he was at Graham Correctional Center.

5.      At some point he was transferred to Stateville.  While at Stateville, on July 7, 2007, plaintiff claims that Dr. McFadden and Dr. Ghosh informed him that an error was made by a doctor at Graham and that he, in fact, did not need dialysis.

6.      Plaintiff was then taken off of dialysis.  Plaintiff appears to be claiming injury as a result of the dialysis which ordered by the doctor at Graham, and not claiming damages for being taken off of the dialysis by Dr. McFadden or Dr. Ghosh.

7.      To assert a claim for cruel and unusual punishment under the Eighth Amendment of the Constitution, the plaintiff must show deliberate indifference to the serious medical needs of a prisoner.  **Estelle v. Gamble**, 429 US 97, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976).

8.      A claim of a difference of opinion as to the proper treatment plan is not enough to state a claim for a constitutional violation.  **Estelle v. Gamble**, 429 US 97, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976).

9.      To raise an Eighth Amendment issue, the infliction of punishment must be deliberate or otherwise reckless in the legal sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable.  **Snipes v. Detella**, 95 F.3d 586, 590 (7th Cir. 1996).  Medical decisions that may be characterized as classic examples of matters of medical judgment such as whether one course of treatment is preferable to another are beyond the amendments purview.  **Snipes**, 95 F.3d at 591.

10.     A prisoner's dissatisfaction with the doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.  **Snipes**, 95 F.2d at 592.

11.     It appears from plaintiff's complaint that it was Dr. Ghosh who informed him of a previous alleged misdiagnosis which resulted unnecessary dialysis.  It was Dr. Ghosh along with Dr. McFadden who ceased this allegedly unnecessary dialysis.  It does not appear plaintiff is alleging defendant violated his rights in any way.

12.     Plaintiff also claims that he received some sort of disciplinary report while in the Graham Correctional Center in August of 2006.  Defendant Ghosh is the Medical Director at Stateville Correctional Center and has nothing to do with disciplinary decisions at any facilities, much less one at which he does not even work.

13.     Pursuant to **20 Ill. Adm. Code §504.50** any disciplinary report is reviewed by a reviewing officer, who shall interview the inmate and take other actions as set forth in the administrative code.

14.     Defendant Ghosh is a medical doctor who is the Medical Director at Stateville Correctional Center.  Plaintiff does not and cannot allege the Dr. Ghosh is the reviewing officer of disciplinary reports written for conduct which allegedly occurred at Graham Correctional Center.

15.     Plaintiff's allegations in his complaint simply do not support a cause of action for deliberate indifference as to a medical condition.  As such his complaint should be dismissed.

**PLAINTIFF HAS FAILED TO EXHAUST HIS
ADMINISTRATIVE REMEDIES AS TO DR. GHOSH**

16.     Exhaustion of available administrative remedies is a mandatory requirement prior to the filing of a civil rights action under **42 U.S.C. §1983**.  The Prison Litigation Reform Act of 1995 forbids any action from being brought by a state prisoner under **42 U.S.C. §1983** "until such administrative remedies as are available are exhausted."  **42 U.S.C. §1997(e)(a)**.

17.     Pursuant to the Illinois Administrative Code, any grievance must contain the facts of the complaint as well as the name of each person who is the subject of or who is otherwise involved in the complaint. **20 Ill. Admin. Code §504.810(b).**

18.     Also the Code requires an inmate attempt to resolve any issues prior to filing a grievance and to proceed to appeal any response which he feels does not resolve the issue. **20 Ill. Admin. Code §504.810(b) and §504.850**

19.     Exhaustion means that the prisoner has completed the administrative process by following the rules the state has established for that process. In order to properly exhaust these remedies, a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require. **Pozo v. McCaughty**, 286 F.3d 1022 (7th Cir. 2002).

20.     Generally failure to exhaust is an affirmative defense and need not be plead by the plaintiff. **Jones v. Bock**, 127 S.Ct. 910, 166 L.E2d. 798 (2007). However, "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." **Id.** at 918-919. Furthermore, a complaint may be subject to dismissal under **Rule 12(b)(6)** when an affirmative defense appears on its face. **Id**. at 920-921. As such, while the plaintiff is not required to plead exhaustion of administrative remedies, if he chooses to do so, he runs the risk of pleading himself out of a cause of action. That is precisely what plaintiff has done.

21.     In this case plaintiff claims that he filed grievances pursuant to the procedure available. Attached to his complaint are two such grievances. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. **F.R.C.P. Rule 10(c)**

22.     The first grievance is dated July 14, 2007 and the only person named is Dr. McFadden. This grievance was returned to plaintiff due to his failure to discuss the matter with his counselor for possible resolution.

23.     The second grievance is dated October 1, 2007. Again this grievance only names Dr. McFadden. It appears plaintiff sent this grievance directly to the Administrative Review Board. This grievance was returned because plaintiff failed to include the grievance officer's and chief administrative officer's response. Furthermore, it was returned because the plaintiff failed to provide specifics regarding his complaints, including dates and locations.

24.     From plaintiff's own complaint it is apparent that he never filed a grievance against defendant Ghosh. As such, plaintiff has not exhausted his administrative remedies as to this defendant and any action against this defendant is prohibited by the **P.L.R.A.**

25.     Furthermore, it is also apparent that plaintiff has failed to follow the requirements of the Illinois Administrative Code regarding the two grievances he did file. He failed to attempt to resolve the issue prior to filing the first grievance and he failed to properly appeal the second grievance. As such, he has failed to properly exhaust his administrative remedies with regard to the two grievances he did file.

26.     From the foregoing it is clear that plaintiff's complaint should be dismissed as to this defendant. First, plaintiff's claims do not show any constitutional violation. If anything, it shows that Dr. Ghosh informed plaintiff of an alleged misdiagnosis by previous medical personnel at another facility. Second, plaintiff has failed to exhaust his administrative remedies by failing to name Dr. Ghosh in his two grievances and by failing to properly pursue the two grievances he did file.

WHEREFORE, defendant, Dr. Partha Ghosh respectfully requests this Honorable Court enter an order dismissing the claims against him pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and grant such other and further relief as the court deems just and proper.

                                  CHARYSH & SCHROEDER, LTD.

                                  <u>/s/Richard A. Tjepkema</u>

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois  60602
(312) 372-8338
Michael J. Charysh, ARDC #6187455
Richard A. Tjepkema, ARDC ## 6217445

**PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL**

     The undersigned attorney certifies that on May 16, 2008, this notice was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses indicated above; this notice, and the documents referred to therein have also been served on all parties not electronically served by causing a copy of the same to be placed in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois on or before 5:00 p.m. on May 16, 2008, with proper postage prepaid.

                                                                                  s/ Richard A. Tjepkema