# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 39 | **DATE** | September 2, 2008 |
| **CASE TITLE** | Ronald Granger (B-24617) v. Ghosh et al. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [16] is granted. Dr. Partha Ghosh is dismissed as a defendant. Plaintiff's motion to file an amended complaint [26] is granted, and Plaintiff may proceed with his amended complaint [30] against Dr. Zaire, Dr. Alonza, and Dr. McFadden. The clerk shall issue summonses for service of the amended complaint [30] by the U.S. Marshal on these defendants. Plaintiff's claims against the other defendants listed in his amended complaint are dismissed without prejudice to Plaintiff raising those claims in a separate complaint. The amended complaint submitted on 7/17/08 [28] is stricken. The Clerk shall forward to Plaintiff instructions for filing documents in this Court and a Consent to Magistrate Judge form.

■ [**For further details see text below.**]                                                                 Docketing to mail notices.

## STATEMENT

   Plaintiff Ronald Granger (B-24617), currently in custody at Stateville Correctional Center, initiated this 42 U.S.C. § 1983 action against Dr. Partha Ghosh and Dr. McFadden, doctors associated with Stateville. Plaintiff alleged that, while he was previously incarcerated at Graham Correctional Center, physicians there provided inadequate medical care and unnecessarily placed Plaintiff on dialysis, and that a year after he was transferred to Stateville, Drs. Ghosh and McFadden informed Plaintiff that he never needed dialysis.

   Dr. Ghosh, the only served defendant, has filed a motion to dismiss, and contends that Plaintiff alleges no wrongdoing by Dr. Ghosh. Plaintiff has filed a response stating that he agrees with Dr. Ghosh. Plaintiff also has filed an amended complaint that omits Dr. Ghosh as a defendant. (Plaintiff's motion to file an amended complaint states that he seeks to file the complaint submitted on 7/28/08 and not the one submitted on 7/17/08.) Accordingly, the Court grants Dr. Ghosh's motion and dismisses him as a defendant.

   Plaintiff's amended complaint names two doctors associated with Graham Correctional Center, Dr. Zaire and Dr. Alonza (also referred to as Alonsa), and Dr. McFadden at Stateville. Plaintiff alleges that Drs. Zaire and Alonza provided inadequate medical treatment and improperly placed Plaintiff on dialysis, and that Dr. McFadden improperly kept Plaintiff on dialysis for a year after his transfer to Stateville. Preliminary review, see 28 U.S.C. § 1915A, reveals that Plaintiff sufficiently alleges claims against Drs. Zaire, Alonza, and McFadden such that they must respond to the amended complaint's allegations against them. Accordingly, the Clerk shall issue summons for service of the amended complaint by the U.S. Marshal on those defendants.
**(CONTINUED)**

isk

**STATEMENT (continued)**

However, the other allegations and defendants in the amended complaint concern two disciplinary actions taken against Plaintiff at Graham Correctional Center. The defendants associated with these claims – Officer Travis Rauch, McCluskey, Gregory Life, and Leanna Williams – are all employed at Graham Correctional Center, and the disciplinary-action claims are unrelated to the claims of inadequate and improper medical care. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly, the Court dismisses these claims without prejudice to Plaintiff raising them in another complaint, which may belong in the Central District of Illinois, the federal judicial district in which the Graham Correctional Center is located. See 28 U.S.C. § 1391(b).

The United States Marshal's Service is appointed to serve the amended complaint filed on July 28, 2008, on Dr. McFadden (a doctor associated with Stateville Correctional Center) and Drs. Zaire and Alonza,( doctors associated with the Graham Correctional Center). Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials at the Stateville and Graham Correctional Center shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or for proof of service if a dispute arise. Any documentation of the address shall be retained only by the Marshal, and shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the defendants, or to defense counsel, if an attorney has entered an appearance on behalf of the defendants. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

To summarize, Dr. Ghosh's motion to dismiss is granted, and he is dismissed as a defendant. Plaintiff's motion to file an amended complaint is granted, and he may proceed with his July 28, 2008 amended complaint against Dr. Zaire, Dr. Alonza, and Dr. McFadden. Plaintiff's claims in the amended complaint challenging two disciplinary actions taken against him at Graham Correctional Center and the defendants associated with those claims (Officer Travis Rauch, McCluskey, Gregory Life, and Leanna Williams) are dismissed without prejudice to Plaintiff raising these claims in a separate suit, which should be filed in the federal judicial district where Graham Correctional Center is located.